UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LUCILLE MOORE ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:23-cv-698-ACA |
| ) | |
| **JEFFERSON COUNTY HEALTH** ) | |
| **DEPARTMENT,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff Lucille Moore Robinson, proceeding *pro se*, sues her former employer (Defendant Jefferson County Health Department) and five coworkers (Defendants Mark Wilson, Tammy Howard, Kimberly Cason, Steve Knox, and Senitra Blackburn), alleging that they violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), by creating a hostile work environment because of her "race, color, religion, sex (including sexual orientation, gender identity, or pregnancy, national origin, older age (beginning at age 40), disability, or genetic information (including family medical history)." (Doc. 59 at 6).

After the Department filed an answer to the operative complaint (doc. 60), Ms. Robinson moved for an extension of time to serve four of the individual defendants (docs. 68, 69). One of the individual defendants (Ms. Blackburn) then

moved to dismiss the complaint for failure to state a claim and for insufficient service (doc. 70), and the other four (Ms. Cason, Ms. Howard, Mr. Knox, and Mr. Wilson (collectively, the "Unserved Defendants")) moved to dismiss for failure to serve them (doc. 71).

The court **WILL GRANT** Ms. Blackburn's motion (doc. 70) and **WILL DISMISS** Ms. Robinson's claims against Ms. Blackburn **WITH PREJUDICE** for failure to state a claim. Because Ms. Robinson has not established good cause to extend the court's deadline to serve and other circumstances in this case disfavor additional extensions, the court **WILL DENY** Ms. Robinson's motions for extension of time to perfect service (docs. 68, 69), **WILL GRANT** the Unserved Defendants' motion to dismiss the operative complaint (doc. 71), and **WILL DISMISS** Ms. Robinson's claims against the Unserved Defendants **WITHOUT PREJUDICE** for failure to serve.

Even after termination of all the individual defendants, the second amended complaint remains a shotgun pleading. The court has already given Ms. Robinson an opportunity to plead her claims in conformity with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions about properly pleading a complaint. (*See* doc. 58). In that order, the court warned Ms. Robinson that her second amended complaint would be her final opportunity to

correct her pleading deficiencies. (*See id*.). Because Ms. Robinson's complaint remains deficient, the court **WILL DISMISS** this action **WITH PREJUDICE**.

## I.  BACKGROUND

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019). In this case, however, the motions to dismiss do not involve the factual allegations Ms. Robinson makes. All that matters for resolution of Ms. Blackburn's motion is that Ms. Robinson and Ms. Blackburn were coworkers at the Department (doc. 59 at 3), and Ms. Robinson alleges that she experienced a hostile work environment while employed there (*id.* at 6).

Ms. Robinson filed her initial complaint against all the defendants in state court on April 27, 2023. (Doc. 1-1 at 2; *see also id.* at 76–81). The Department removed the case on May 31, 2023, before Ms. Robinson served any other defendant. (Doc. 1 at 1, 4). In June 2023, the magistrate judge to whom the case was initially assigned reminded Ms. Robinson of her obligation to serve the remaining defendants. (Doc. 5). Ms. Robinson moved for an extension of the time to serve, which the magistrate judge granted, giving her until August 29, 2023, to perfect service. (Docs. 6, 7). The case was reassigned to the undersigned in October 2023,

after each of the individual defendants had moved to dismiss the case for insufficient service. (Docs. 33–37, 40).

On reviewing the operative complaint, this court struck it as a shotgun pleading and ordered Ms. Robinson to replead. (Doc. 58). In that order, the court directed Ms. Robinson to serve the second amended complaint on the defendants by January 17, 2024. (*Id.* at 9). In response, in December 2023, Ms. Robinson filed her second amended complaint (doc. 59), and in January 2024, she requested alias summonses for the individual defendants (docs. 61, 63). The alias summonses were returned unexecuted for three of the individual defendants. (Doc. 65). On January 19, 2024—two days after the court's deadline for her to perfect service—Ms. Robinson moved for an extension of time to serve four of the defendants because they could not be served at the Department and she did not know their home addresses. (Docs. 68, 69). Several days later, the individual defendants filed their two motions to dismiss. (Docs. 70–71).

## II.   DISCUSSION

The court will first consider Ms. Blackburn's motion to dismiss the second amended complaint for failure to state a claim. The court will then consider Ms. Robinson's motions for an extension of time to serve and the Unserved Defendants' motion to dismiss for failure to serve. The court will conclude by

4

explaining why Ms. Robinson's second amended complaint remains a shotgun pleading.

### 1. Ms. Blackburn's Motion to Dismiss

Ms. Blackburn contends that she cannot be liable in her individual capacity under Title VII. (Doc. 70 at 2). Ms. Robinson does not respond specifically to this argument (*see* doc. 74), instead providing additional factual allegations regarding Ms. Blackburn's conduct (*see id*. ¶¶ 11–16).

"Individual capacity suits under Title VII are . . . inappropriate" because "[t]he relief granted under Title VII is against the employer, not individual employees." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (emphasis omitted). So, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id*.

Here, Ms. Robinson has sued the Department. (Doc. 59 at 2). So any claims against individual employees are inappropriate. *See Busby*, 931 F.2d at 772. Accordingly, the court **WILL GRANT** Ms. Blackburn's motion (doc. 70) and **WILL DISMISS** Ms. Robinson's claims against Ms. Blackburn **WITH PREJUDICE**.

### 2. Service on the Unserved Defendants

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). But the court can extend this time "if the plaintiff shows good cause for the failure." *Id*. "Good cause requires the existence of some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (quotation marks omitted; alterations accepted).

But "even when a plaintiff cannot demonstrate good cause," controlling precedent obligates this court to "consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* (quotation marks omitted). The Eleventh Circuit has explained that an example of another circumstance that might warrant permitting an extension of time despite the absence of good cause would be "where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service." *See id*.

First, Ms. Robinson asserts that certain defendants accepted personal service of her original complaint and/or first amended complaint. (*See* doc. 75 ¶¶ 9–10). But the court already explained to Ms. Robinson that her previous service attempts were ineffective because she did not provide the individual defendants with a filed version

6

of the complaint and all associated exhibits. (*See* doc. 58 at 8–9); Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 10(c) (explaining that "an exhibit to a pleading is a part of the pleading"). Accordingly, Ms. Robinson cannot establish good cause based on her previous ineffective service attempt.

Ms. Robinson generally asserts that she needs additional time to serve the Unserved Defendants because (1) they no longer work for the Department and she does not know their home addresses and (2) there were two days of inclement weather in January that affected her ability to serve them. (*See* doc. 75 ¶ 19; doc. 68 at 1; doc. 69 at 1; doc. 73 ¶¶ 1–4, 9). Although the court understands Ms. Robinson's frustration and is mindful of her *pro se* status, these circumstances do not present an "outside factor" that warrants finding good cause, *see Bilal*, 981 F.3d at 919, particularly when the court has already given Ms. Robinson multiple opportunities to serve these defendants (*see* docs. 7, 17, 58) and Ms. Robinson's request for additional time was, itself, untimely (*compare* doc. 58 at 9, *with* docs. 68, 69). Accordingly, Ms. Robinson has not shown good cause for an extension of time.

The next question is whether, even absent good cause, other circumstances warrant granting an extension of time to serve. There is no indication that the Unserved Defendants have evaded service or hidden a problem with attempted service; indeed, the Unserved Defendants have appeared in court to challenge the timeliness and sufficiency of service. (*Compare* docs. 24, 27, 28, 31, *with* docs. 34,

35, 36, 37, *and* doc. 71); *see Bilal*, 981 F.3d at 919 (listing evasion of service and hiding problems with service as examples of reasons for extending the time for service despite a lack of good cause). However, it appears that the statute of limitations on Ms. Robinson's claims against the Unserved Defendants has expired. *See id.* (listing expiration of the statute of limitations as another example).

Ms. Robinson's claims against the Unserved Defendants are under Title VII for their alleged contribution to the Department's alleged hostile work environment. (Doc. 59 at 6). Title VII requires a plaintiff to exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and file a civil action within ninety days of receiving a notice of determination and right to sue from the EEOC. *See Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1340 (11th Cir. 2017) (describing the administrative process); *see also* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1). And because the ninety-day period has expired (*see* doc. 59-1 at 1), this requirement would preclude Ms. Robinson from refiling her claims against the Unserved Defendants.

But "based on the facts of th[is] case," *Bilal*, 981 F.3d at 919, an extension is not warranted because even if Ms. Robinson successfully served the Unserved Defendants, her claims against them are barred as a matter of law. Ms. Robinson's claims against the Unserved Defendants are Title VII claims (doc. 59 at 6; *see also id.* at 1, 7), and as previously discussed, "[i]ndividual capacity suits under Title VII

8

are . . . inappropriate," *Busby*, 931 F.2d at 772. Because Ms. Robinson's claims cannot succeed, a denial of the requested extension of time and dismissal of those defendants for failure to serve will not prejudice her. *Cf. Bilal*, 981 F.3d at 919–20.

Accordingly, the court **WILL DENY** Ms. Robinson's motions for extension of time to serve the Unserved Defendants (docs. 68, 69) and **WILL GRANT** the Unserved Defendants' motion to dismiss (doc. 71). The court therefore **WILL DISMISS** Ms. Robinson's claims against the Unserved Defendants **WITHOUT PREJUDICE** for failure to serve.

### 3. Ms. Robinson's Complaint Remains a Shotgun Pleading

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types or categories." *Id*. at 1321. The first "is a complaint containing multiple counts where each count adopts the

allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*.

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Est. of Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, [the Eleventh Circuit] had explicitly condemned shotgun pleadings upward of fifty times.") (quotation marks omitted); *see also Weiland*, 792 F.3d at 1321 (stating that as of 2015, the Eleventh Circuit had published more than sixty opinions about shotgun pleadings). The Court strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct [the party] to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358.

Although the prohibition against shotgun pleading applies to all parties, *pro se* complaints are due "more leeway than complaints submitted by litigants

represented by lawyers," *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992), and should be liberally construed, *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019). But the leeway granted to *pro se* litigants does not excuse them from "conform[ing] to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The ultimate question is whether a *pro se* litigant's complaint "gives the defendant adequate notice of the claims against it and the grounds upon which each claim rests." *Pinson*, 942 F.3d at 1208 (alterations accepted; quotation marks omitted).

When the court ordered Ms. Robinson to file her second amended complaint, the court observed that Ms. Robinson's complaint was a shotgun pleading of the second, third, and fourth types. (Doc. 58 at 6). Ms. Robinson's second amended complaint improves many aspects of her earlier deficient pleadings. (*Compare* doc. 59, *with* docs. 1-1, 26). For example, the court can now discern that Ms. Robinson intends to allege only Title VII claims. (*See*, *e.g.*, doc. 59 at 1) (indicating that Ms. Robinson "brings this complaint to enforce the provisions of . . . Title VII"). But her specific claims and their connection to the facts she has alleged remains unclear.

Ms. Robinson's second amended complaint makes various allegations about her coworkers' placement of a "toxic foul yellowish substance" in her office, car, and home; pretextual write-ups; a poor performance review; and placement of a "hate symbol" on her office desk and bedroom window. (Doc. 59 at 4–5). She asserts

that these actions amounted to a hostile work environment because of her "race, color, religion, sex (including sexual orientation, gender identity, or pregnancy, national origin, older age (beginning at age 40), disability, or genetic information (including family medical history)." (*Id*. at 6). But Ms. Robinson does not separate her discrete theories of discrimination into separate claims for relief nor does she allege any facts about these theories. (*See id*.). Ms. Robinson's second amended complaint therefore remains a shotgun pleading of the second and third categories. *See Weiland*, 792 F.3d at 1322–23.

District courts are not required to "endure endless shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018). And the reason for that rule is simple: "shotgun pleadings . . . waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). At some point, the pleading practice must stop. *Cf. id*.; *accord Byrne v. Nezhat*, 261 F.3d 1075, 1130–31 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

The court acknowledges that the Department has filed an answer to Ms. Robinson's complaint. (*See* doc. 60). But the court need not defer to the Department's decision to file an answer "in the fact of shotgun pleadings." *See*, *e.g.*, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014)

(instructing district courts to maintain pleading standards even when a defendant has filed an answer). And because Ms. Robinson's complaint remains a shotgun pleading, the court **WILL DISMISS** the complaint **WITH PREJUDICE**.

### III. CONCLUSION

The court **WILL GRANT** Ms. Blackburn's motion (doc. 70) and **WILL DISMISS** Ms. Robinson's claims against Ms. Blackburn **WITH PREJUDICE**. The court **WILL DENY** Ms. Robinson's motions for extension of time to serve the Unserved Defendants (docs. 68, 69), **WILL GRANT** the Unserved Defendants' motion to dismiss (doc. 71), and **WILL DISMISS** Ms. Robinson's claims against the Unserved Defendants **WITHOUT PREJUDICE** for failure to serve.

Because Ms. Robinson has already received an opportunity to plead her complaint in conformity with federal pleading standards and her second amended complaint remains a shotgun pleading, the court **WILL DISMISS** her complaint **WITH PREJUDICE**. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this April 5, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE